**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 95-30209
Summary Calendar

_____

JOE L. MILES, JR., Tutor, ET AL.,

                                        Plaintiffs,

VERSUS

KANSAS CITY SOUTHERN RAILWAY CO.,

                                        Defendant-Appellee,

VERSUS

MURPHY J. WHITE,

                                        Movant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(93 CV 413)

_____

June 23, 1995

Before DUHÉ, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[1]

Appellant Murphy J. White, attorney for Plaintiffs in the district court, appeals from orders of the district court sanctioning him under Rule 11 of the Federal Rules of Civil Procedure. We affirm.

---

[1] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

As counsel for heirs of Roxie Brown Appellant sued Appellee, Kansas City Southern Railway Company, for several million dollars in compensatory and punitive damages for the death of Brown who was killed when struck by a Kansas City Southern train. Immediately before trial, Appellant dismissed the suit. Kansas City Southern moved for sanctions. Senior Judge Tom Stagg granted the motion, and assessed as sanctions the costs incurred by Kansas City Southern and a portion of its attorney's fees. Judge Stagg found that there was insufficient legal and factual basis for allegations made by Appellant that the train engineer was required to make an emergency stop the moment he first saw the decedent upon the tracks, that the engineer was intoxicated, and that the engineer deliberately ran down the decedent. Our review of the record and the law convinces us that Judge Stagg was correct. There was no legal or factual basis to justify the allegations and, therefore, Rule 11 was violated.

The amounts assessed as sanctions are supported by the record. In fact, there is record support for even greater sanctions.

In his reply brief in this Court, Appellant has made unwarranted personal attacks on Appellee's counsel, and has attempted to bring to the attention of this Court matters outside the appellate record. Both actions are completely unwarranted, and highly improper. Counsel is warned that repetition of any such conduct will result in sanctions.

AFFIRMED.